NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CHISOM DORATHY OKPARA**, | No. 07-70419 |
| Petitioner, | |
| v. | Agency No. A097-607-454 |
| **ERIC H. HOLDER Jr., Attorney General**, | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2011[**]
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **NOONAN** and **SILVERMAN**,
Circuit Judges.

Okpara has waived any challenge to the BIA's denial of CAT protection by

failing to raise the issue in her opening brief. See Husyev v. Mukasey, 528 F.3d

1172, 1183 (9th Cir. 2008).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We affirm the denial of Okpara's asylum and withholding of removal claims because she waived any challenges to the IJ's finding, adopted by the BIA pursuant to <u>Matter of Burbano</u>, 20 I. & N. Dec. 872, 874 (BIA 1994), that she could reasonably relocate within Nigeria. <u>See</u> <u>Tamang</u> v. <u>Holder</u>, 598 F.3d 1083, 1088 (9th Cir. 2010). Her opening brief states that "the sole issue on appeal in this case is whether the BIA's adverse credibility determination is supported by substantial evidence." <u>See</u> <u>Martinez-Serrano</u> v. <u>INS</u>, 94 F.3d 1256, 1259–60 (9th Cir. 1996). But the finding that internal relocation is a reasonable option was a dispositive basis, independent of the adverse credibility determination, for denying asylum and withholding of removal relief. <u>See</u> <u>Melkonian</u> v. <u>Ashcroft</u>, 320 F.3d 1061, 1069 (9th Cir. 2003); <u>Gonzalez-Hernandez</u> v. <u>Ashcroft</u>, 336 F.3d 995, 999 (9th Cir. 2003); <u>see also</u> <u>INS</u> v. <u>Elias-Zacarias</u>, 502 U.S. 478, 481 & n.1 (1992).

We don't believe that denying Okpara's petition on waiver grounds would result in "manifest injustice" to her. <u>Alcaraz</u> v. <u>INS</u>, 384 F.3d 1150, 1161 (9th Cir. 2004).

**      PETITION DENIED.  **

*Okpara v. Holder*, No. 07-70419

FILED

JAN 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOONAN, Circuit Judge, dissenting:

Documentary evidence and credible testimony establish that Okpara could face forced marriage, rape, and beatings should she return to Nigeria. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214-15 (9th Cir. 2004) (remanding for IJ to consider 8 C.F.R. § 1208.13(b)(3) factors in determining reasonableness of internal relocation).

1